UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GREGORY DWIGHT HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:13-cv-00310-JMS-MJD |
| | ) |
| IMPD Indianapolis Metropolitan Police Department, | ) |
| 5 UNKNOWN PATROL OFFICERS, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

The plaintiff submitted a letter in which he explains that certain materials including a motion for leave to proceed *in forma pauperis* was received by the Clerk's Office on July 1, 2013, and returned to him because no case number was designated on his filing. To the extent this letter could be understood to be a motion for leave to proceed without the prepayment of the filing fee this motion [dkt. 2] is **denied**.

The plaintiff shall have **through September 25, 2013,** in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on August 26, 2013.

## II.

### A.

Plaintiff Gregory Dwight Harris, a prisoner at the Putnamville Correctional Facility, filed this civil action against one defendant, the Indianapolis Metropolitan Police Department ("IMPD"). Although the Complaint also mentions five unknown IMPD patrol officers, Harris makes clear that he intends to sue the IMPD.

Harris alleges that on February 29, 2008, he was pulled over on I-70 in his "privately owned silver S500 Mercedes" which was registered to his "private owned holdings Co." Two white IMPD officers approached the vehicle and began forcefully beating Harris in the face with closed fists. As a result, Harris was injured and required surgery to his left eye socket.

Harris alleges that these events violated his civil rights. He seeks compensatory and punitive damages. He also requests more transparency and accountability from the IMPD.

### B.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted).

Pro se complaints such as that filed by Gregory Dwight Harris, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

## C.

Applying the standard set forth above **the complaint must be dismissed** for failure to state a claim upon which relief may be granted.

First, this lawsuit is based on events which occurred more than five years ago. The statute of limitations applicable to the claims Harris asserts is two years. *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE ʹ 34-1-2-2) applies to ʹ 1983 claims.")(citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)). When a ʹ 1983 claim accrues is an issue of federal law, see *Sellars v. Perry,* 80 F.3d 243, 245 (7th Cir. 1996), and the federal rule is that a claim accrues when the plaintiff knows both the existence and the cause of his injury. *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993). The complaint reflects that Harris knew of his injury on February 29, 2008, and Harris's claim accrued on that date. This action was filed several years after the expiration of the statute of limitations. "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations

defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)(internal citations omitted). *See also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)("Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. . . . But when all relevant facts are presented, the court may properly dismiss a case before discovery . . . on the basis of an affirmative defense."); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (approving of granting motions to dismiss based on the statute of limitations when "the relevant dates [that establish the defense] are set forth unambiguously in the complaint.").

Second, Harris's claims are necessarily brought pursuant to 42 U.S.C. § 1983. **It may be assumed that the improper naming of the IMPD is the equivalent of suing the City of Indianapolis.** *Best v. City of Portland*, 554 F.3d 698, fn\* (7th Cir. 2009). Nonetheless, all claims against the IMPD are **dismissed**. The reason for this ruling is that the claims against the IMPD are in all respects except for name against the City of Indianapolis. Although a municipality is a "person" subject to suit under ʹ 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978), a municipality can be found liable under ʹ 1983 only if an action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91. The complaint lacks sufficient factual content to draw the reasonable inference that the IMPD could be liable for the alleged misconduct of the defendant police officers. *Id.* at 690-91 (municipality may be liable under § 1983 only if the plaintiff presents evidence that a county policy, widespread practice, or custom caused his injuries). *Auriemma v. Rice,* 957 F.2d 397, 400 (7th Cir. 1992)("Liability for unauthorized acts is personal; to hold the municipality liable, *Monell* tells us, the agent's action must implement rather than frustrate the government's policy."). The

complaint uses the terms "racial profiling and violence" and "gross negligence" without any factual development and these terms as presented are insufficient to allege a policy or practice.

Third, to the extent the complaint could be understood to allege a § 1983 claim against the individual officers, such a claim is dismissed because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994). That is the case here.

### III.

Harris shall have **through September 25, 2013,** in which to show cause why Judgment consistent with this Entry should not issue or to file an amended complaint correcting the deficiencies listed above. *See Luevano v. Wal-Mart Stores, Inc.*, 2013 WL 3599156, *6 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: 08/29/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

GREGORY DWIGHT HARRIS
DOC # 910726
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135